UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT A. MASSEY,

    Petitioner,

                                        CASE NO. 1:11-CV-65
v.                                        CASE NO. 1:07-CR-175

UNITED STATES OF AMERICA,          HON. ROBERT J. JONKER

    Respondent.
_____/

## OPINION

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (docket # 1). The United States has not responded to Petitioner's motion. The Court has carefully reviewed Petitioner's motion and his supplemental briefing and determined that an evidentiary hearing is unnecessary to the resolution of this case. *See* Rule 8, RULES GOVERNING § 2255 CASES; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (holding that an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief).

## BACKGROUND

Petitioner Scott Massey was indicted on July 12, 2007, for two counts of interstate transportation of child pornography. (Case No. 1:07-cr-175, docket # 1.) A superceding indictment added one count of possession of child pornography and one count of attempted enticement to travel for criminal sexual activity. (Case No. 1:07-cr-175, docket # 14.) During Mr. Massey's arraignment on July 23, 2007, his counsel informed the Magistrate Judge that Mr. Massey suffered from severe

diabetes and requested that he receive proper care while incarcerated awaiting trial. (Case No. 1:07-cr-175, docket # 40 at 39-40.)

Under the terms of a written plea agreement, Mr. Massey agreed to plead guilty to three counts: interstate transportation of child pornography, possession of child pornography, and attempted enticement. (Case No. 1:07-cr-175, docket # 19, ¶ 1.) In the agreement, he expressly waived his right "to appeal a sentence that is within or below the applicable statutory minimum and guideline range as determined by the Court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever." (*Id*., ¶ 6.) He retained only the right to "appeal on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range." (*Id*.) Additionally, he expressly waived his "right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255." (*Id*.)

Mr. Massey appeared before the Court on November 5, 2007, for a change of plea hearing. At the beginning of the hearing the Court inquired about Mr. Massey's medications and his physical health. (Case No. 1:07-cr-175, docket # 36 at 5.) Mr. Massey informed the Court that he received insulin twice per day and that he had received it that morning. (*Id*.) He received his insulin through the jail nurse and reported that he could seek medical attention if he felt he needed "help or assistance." (*Id*.) He also reported taking blood pressure medication. (*Id*. at 6.) Finally, he told the Court that he had been taking Zoloft for depression about four years prior to the hearing, took the medication for six months to one year, and since discontinuing the medication had not had any recurrence of depression. (*Id*. at 6-7.) Mr. Massey reported to the Court that nothing interfered with his ability to understand what he was doing at the plea hearing. (*Id*. at 7.) The Court discussed with

Mr. Massey the rights he waived by entering into the plea agreement. (*Id*. at 25.) Mr. Massey told the Court that he understood these rights and that he chose to give them up. (*Id*. at 25, 29.) Moreover, Mr. Massey affirmed that he was making the decision to plead guilty willingly and voluntarily:

> THE COURT: Okay. The next thing I want to do is just rehearse some of the very basics of whether this is a voluntary decision. And you assure me that it is your own free will that's talking now, right?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: There's no coercion or promise that we haven't talked about that's pushing you to do this?
>
> THE DEFENDANT: That's correct.
>
> THE COURT: You feel like – you're obviously feeling the emotional impact of it, but, nonetheless, understanding what you're doing, and you want to do it?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you realize you're giving up those rights we talked about in doing it?
>
> THE DEFENDANT: Yes, sir.

(*Id*. at 28-29.)

On March 26, 2008, the Court sentenced Mr. Massey to 360 months imprisonment. (Case No. 1:07-cr-175, docket # 35 at 29.) This sentence departed upward from the guideline range of 262 - 327 months, based on U.S.S.G. § 5K2.8. (*Id*.) During the hearing, Mr. Massey's counsel opposed any upward deviation but did not object to the guideline calculation. (*Id*. at 9-10, 17.) Counsel also requested that the Court, in determining Mr. Massey's sentence, consider his serious health problems, namely diabetes, and the fact that he did not always have access to his required insulin

3

medications.  (*Id*. at 15.)  Mr. Massey appealed his sentence, which the Sixth Circuit upheld in its entirety on October 20, 2009.  (Case No. 1:07-cr-175, docket # 46.)

On January 18, 2011, Mr. Massey moved for resentencing under 28 U.S.C. § 2255.

**ANALYSIS**

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255.  A valid section 2255 motion requires a petitioner to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings.  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  Non-constitutional errors generally are outside the scope of section 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process."  *Id.* (internal quotation marks omitted).  Mr. Massey makes four contentions in this motion, none of which warrant relief under section 2255.

The Court notes that Mr. Massey did not base his direct appeal on any of the four grounds that he raises in his section 2255 motion.  All claims that "can be fully and completely addressed on direct review based on the record" from the district court must be raised or the defendant faces procedural default on those claims in a section 2255 motion.  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  "Where a defendant has procedurally defaulted on a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause'

4

and actual 'prejudice,' or that he is 'actually innocent.'" *Id*. (internal citations omitted). One exception is a claim of ineffective assistance of counsel, which "are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so the parties can develop an adequate record of the issue." *United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998).

Grounds one, three, and four of Mr. Massey's motion could have been addressed on direct review by the Sixth Circuit, since each of those claims were based on the record before the Court, as opposed to facts not developed at the time of Mr. Massey's appeal. For each of these contentions, Mr. Massey relies on the records available at the time of his direct review, including transcripts from his arraignment, change of plea, and sentencing hearings. Mr. Massey has not alleged any facts that were not developed in the record prior to his appeal to the Sixth Circuit. In fact, Mr. Massey in his first contention explicitly points to the "courts [sic] records" as evidence of his claim. Likewise, in his fourth claim, Mr. Massey states that "a confused and unknowing state of mentality of the defendant is evident both at trial and sentencing," both of which were transcribed and made a part of the appeal record.

Because all of Mr. Massey's claims, other than ineffective assistance of counsel, should have been raised on direct review, he must show cause and prejudice or actual innocence before he can raise the claims in the motion before the Court today. Mr. Massey makes no claim of actual innocence. Nor could he do so in light of the evidence detailed in the record. As for cause, Mr. Massey states that his appellate counsel either refused to raise the contention, despite Mr. Massey's requests, or that counsel did not consult with Mr. Massey. The Court need not address the sufficiency of the stated cause, however, because Mr. Massey has not established prejudice. The result of Mr. Massey's conviction and sentence would not have changed had appellate counsel raised

the issues he now puts forth. The first contention, that the Court violated his rights for failing to determine whether he could withstand trial, due to his physical and mental health, is plainly rebutted by the record. On the day of his plea, Mr. Massey received the appropriate medications. Moreover, during the plea colloquy, he affirmed that he was pleading guilty voluntarily and that nothing was hindering his judgment. Mr. Massey has not offered any evidence that indicates otherwise. Because Mr. Massey's plea was voluntary and unaffected by his physical and mental health, his claim that the government denied him due process when it failed to produce evidence other than the plea agreement also lacks merit. Finally, even if Mr. Massey had raised his contention that his sentence denies him freedom to practice his religion, the sentence, which the Sixth Circuit found to be reasonable, would have remained unchanged. An alleged conflict between religious practice and statutorily mandated imprisonment, as opposed to a condition of confinement, does not state a claim under the Constitution. If Mr. Massey takes issue with the conditions of the medical care he receives while incarcerated, such allegations must be pursued through the Bureau of Prison's administrative review process and then properly made in a 42 U.S.C. § 1983 claim.

Mr. Massey has not procedurally defaulted his second claim for relief: namely, ineffective assistance of trial counsel. However, because Mr. Massey fails to show deficient performance or actual prejudice, that claim fails as well. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). A district court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Flores-Ortega*, 528 U.S. at 477. Here, Mr. Massey's counsel did not act deficiently by failing to request a hearing to determine his mental or physical competence to stand trial. The record clearly reflects that at the

time of the plea hearing, Mr. Massey reported that he received his medication, that he did not need additional medical or psychological assistance, and that he willingly and voluntarily agreed to plea guilty. Nothing in the record indicates that counsel acted unreasonably by not requesting the hearing. Moreover, Mr. Massey does not allege any additional facts, not available in the record, that would establish counsel's unreasonableness.

Even if counsel was deficient, Mr. Massey cannot establish actual prejudice. Actual prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Had counsel moved for a hearing to determine Mr. Massey's ability to withstand trial, the record of admissions from Mr. Massey himself would have required the Court to deny it. Mr. Massey did not indicate during the plea colloquy that he was receiving inadequate medical care or that his mental state was somehow diminished. Instead, he repeatedly affirmed that he was receiving necessary treatment, was of clear mind and was proceeding voluntarily. Although Mr. Massey displayed emotion during both the plea and sentencing hearings, such displays do not amount to incompetence or inability to proceed. To the contrary, they often indicate – as they did in this case – that the defendant is fully possessed of his mental faculties and fully comprehending the gravity of his criminal offenses and the penalties for that. Indeed, the record of the sentencing hearing demonstrates that the Court went out of its way to ensure that Mr. Massey was ready and able to proceed. At the outset of the hearing, the Court permitted nearly an hour recess to allow Mr. Massey to consult further with his counsel. After the consult, Mr. Massey re-affirmed his readiness to proceed. He presented his own lucid allocution. Neither he nor his counsel suggested at any point in the hearing a mental or physical impediment to proceeding. To the extent competency-related issues surfaced at all, it was only to have defense

counsel explain why she and her client decided <u>not</u> to proceed with a psychosexual examination that the Court had authorized. (Case No. 1:07-cr-175, docket # 45 at 16, page ID # 232.)

An order consistent with this opinion will be entered.


Dated:  April 29, 2011                    /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE